### WILD, Gdn, Etc v COWELL et

Ohio Appeals, 9th Dist, Summit Co

No 2482. Decided April 25, 1935

Motz & Morris, Akron, for plaintiff.
Earl J. Frase, Akron, and Mottinger, Lengyel & Mills, Akron, for defendant Maybelle Cowell.

### OPINION

By STEVENS, J.

This cause is before this court upon appeal.

Plaintiff, as guardian of Walter L. Hitchcock, an incompetent, filed this suit to have a trust impressed upon certain real estate standing in the name of defendant Maybelle Cowell and alleged to have been purchased with money furnished by said Hitchcock.

After the filing of the suit, Hitchcock died, and the action was revived in the name of Lena Harper Trott, as sole heir at law of said Hitchcock. The defendants Mike and Anna Stano were dismissed from the case in the Common Pleas Court.

The allegations of the amended petition are all admitted by defendant Maybelle Cowell, except those wherein it is alleged that she perpetrated a fraud upon said decedent in taking title to said premises in her own name. The answer of said defendant further sets up, by way of confession and avoidance, that the money used to purchase said premises was a gift to said defendant from said Hitchcock.

While, as shown by the transcript of the evidence, defendant Maybelle Cowell did not testify in the trial in the Court of Common Pleas, her testimony by way of deposition is offered in this court, and counsel, in open court having indicated their willingness to have all of the evidence offered by the parties considered by the court, we have acceded to their request in that respect.

It is the general rule that it is incumbent upon the donee to prove all the essential elements of a gift (**Worthington v Redkey, 86 Oh St 128**), and the burden is on a donee to prove that the transaction constitutes a gift rather than a trust (**20 O. Jur., "Gifts," §50**).

A careful consideration of all the evidence before us, impels us to the conclusion that said defendant has not sustained the burden which the law imposes upon her.

A decree for plaintiff may be drawn, with exceptions to said defendant.

FUNK, PJ, and WASHBURN, J, concur in judgment.